Case number 21-5269 Larry Elliot Klayman, at balance, versus Neomi Rao, the Honorable et al. Mr. Klayman for the at balance, Mr. Sauter for the at police. Good morning. Our panel consists today of Judge Sack, Judge Erickson, and myself. We're sitting by intercircuit assignment. We're very grateful for all the assistance of the clerk's office, and we are very grateful that you have given us your presence today. Since the case has already been called, Mr. Klayman, you can proceed whenever you're ready. Thank you, Your Honors. It's my honor to appear in front of you, and may it please the court. This case presents a very important and exceptional situation. What do you do when the D.C. Circuit Court does not review the record and overlooks, intentionally, regrettably, because it became very controversial in terms of the lower court judges, overlooks major errors of law? At some point, would you explain the intentional part? I understand everything you're saying, but at some point, if you'll explain to us the argument that is intentional rather than bad. Yeah, regrettably, Your Honor, I've had a very contentious relationship with Judge Colleen Cullert to tell you over the years. It spans many, many years. We probably don't have enough time to get into it. I moved to disqualify her on a number of occasions, and I have no personal animus towards her, but this case took 16 years to litigate, and that tells you something. And the judges of the panel of the D.C. Circuit found this to be commendable, and that tells you something. Now, I'm asking... But since you mentioned multiple efforts to recuse her, is it easy for you to give a record cite to any example of her impartiality that you would point to that's extrinsic to her rulings against you? Yes, Your Honor. The very fact that she let in, as we talk about in the briefs, issues dealing with alleged wife-beating, sexual harassment, had nothing to do with this case. Litecki, you know, the famous Supreme Court case, says that if legal errors are so grave and so extreme, that that can give rise to an inference of extrajudicial bias. But let me get to the crux of the argument here, because I'm asking for perspective relief. What I'm asking for, and under Pullum, there's no immunity in that regard. I'm sure Your Honors have read that I'm asking for this case to be, the judgment to be vacated, to go back to the D.C. Circuit so they can review the record. They never reviewed the record. There are major errors here, not just with regard to the prejudice in terms of injecting this inflammatory material, allegation, which has never been proven. They didn't bring the woman in here that I allegedly sexually harassed. They didn't bring my wife in there. Nothing, former wife. And, but you have major errors with regard to trademark infringement. The law of the D.C. Circuit itself says you have to have appreciable number of consumers that are confused to give rise. If I could ask again, these are therefore, as I understand it, you agree, these are errors that Mr. Simcovitz, if I'm pronouncing his name correctly, did particularize in his brief to the D.C. Circuit, but your contention is they just didn't pay attention to them. There are no errors in the trial that you're pointing to that you hadn't already pointed to the D.C. Circuit. I put all the errors in front of them and it's clear they didn't review the records. What I'm asking for, what I'm asking for, Your Honor, I was denied due process. I'm asking for you under Rule 60 to order them and you can order them on the basis of any other reason justifying relief from operation of the judgment as well as mistake, inadvertence, surprise, or excuse me, neglect. I'm asking prospectively to go back and order them to thoroughly review the record. They didn't do it. The very fact that they come out with a statement that a 16-year administration of the case is commendable tells you they're protecting a fellow jurist. This is human nature. If I may say so, go ahead, Judge Eric. Go ahead, Judge Sack. Oh, I was just going to say this is a little strange because you're talking, I'm sorry, when you're talking about sending it back to the D.C. Circuit, what makes it strange is for present purposes aren't we the D.C. Circuit? Well, you are and consequently you can't make the ruling. That's what I was saying is that we need to have a review here and I thank God and I thank you for your independent review of this matter because, you know, we're all human beings, okay? If my law firm was accused of something or whatever, I mean, we would have the tendency to circle the wagons and that's why I am very, very grateful that your honors have this case because you can't do it objectively. You just can't and look at Judge Cooper who dismissed the action sua sponte before it was even served. I never had a chance to even respond and I got this order. So, I'm just asking for due process. There's no personal animus towards anybody here but we're dealing here with a 2.8 million dollar judgment that if it's allowed to be enforced by simply rubber stamping what the lower court did will bankrupt me, my family, and hurt me and this is inappropriate and the biggest issue here, notwithstanding the trademark issue or the issue of not even providing adequate notice of what the jury instructions written wise were given to the jury or other issues that I outline in here which are serious issues, is the fact that, you know, I was accused of wife beating. I mean, even in a criminal case that can't come in, let alone a civil case. The parole evidence rule, I signed a severance agreement which Judicial Watch said I left on good terms. They praised me, yet I got sandbagged with this and it was allowed in front of the jury. It was highly inflammatory and all of these things were overlooked. In fact, there was no discussion in the DC Circuit's rulings of the parole evidence rule. You can't go outside of the scope of the contract. Were these issues raised in petition for cert? You know, because, you know, kind of the ordinary course is, you know, you have a three-judge panel, you petition for rehearing on bank, you file your petition for cert, and if they grant it, fine. If they don't, it dies, right? I mean, and so I'm not aware of any case in which a subsequent three-judge panel gets to revisit the previous holdings of the court without running into all kinds of problems with the issue preclusion, right? And so, I'm wondering... Sorry to interrupt you, Your Honor. My apologies. There's no issue preclusion here because the issue of the DC Circuit not reviewing this matter has never been litigated. That's what we're here on today. We're not talking about what happened before the lower court. It's the DC Circuit not doing its Did you make that argument as to the panel's delinquency when you filed your en banc petition and when you filed your cert petition? I did, Your Honor, but as Your Honor is aware that the Supreme Court takes very, very few cases. They actually had, you know, very important cases on their docket dealing with Roe v. Wade. It's discretionary, and that is not demonstrative of the legal duty of Your Honors in all due respect to address this issue because this issue hadn't been filed long before I filed a cert petition. What I'm asking... The issue before us is the correctness of Judge Cooper's dismissal, and so I want to give you the opportunity before your time runs out to actually respond to the threshold jurisdictional case law cited by the government, and I want to draw your attention particularly to the Supreme Court's Selitex decision and to the DC Circuit's Smalls decision. Those both stand for the proposition that Judge Cooper has no authority to review the DC Circuit's ruling, so how would you... Could you respond to those two cases specifically because I didn't see it in your reply? I don't read those cases that way, Your Honor. I just don't, and in fact we're in front of you right now. You do have the authority. Well, I'm just going to interrupt you because you need to respond. If you don't read them that way, how do you read them? Because those are binding on us, and the DC Circuit cited them originally, and now the government cited them, so I really need to know how you read them differently. Number one, we pled all that we needed to plead under a notice pleading requirement under Rule 9. Okay, but I'm not getting to the plausibility of your claim, so I'm asking, what's your authority that Judge Cooper could review a decision that you took on direct appeal all the way en banc to cert? How do we avoid those two cases? So speak to those two cases. This is an exceptional case. In order to get up in front of you, I had to go there first, and consequently Judge Cooper, by denying or dismissing my case, actually created the predicate to be in front of you. So now I'm in front of you. I'm in a superior court right now. That's how I got there. I couldn't file directly in front of you. I tried to do that with the petition for rehearing en banc. It was dismissed with a huge record of 16 years in 11 days. That's simply not plausible. Put as concisely as possible, what is the reversible error that Judge Cooper committed when he stated he didn't have jurisdiction to give you the relief, vacature, and new trial that you're asking? Where is the reversible error in that jurisdictional holding of his? Reversible error is that he should have referred the matter to a higher authority at that point, but I had to start there, Your Honor. I had to start there, and I tried. What process exists under the rules for a district judge to just refer a matter to the Court of Appeals? I was a district judge for a long time. I would have wanted to do that from time to time, but I didn't know any way I could. I was going to start this hearing by asking you a question. Okay. What would you do under these circumstances? It is so unique. It is so unbelievable that a circuit court could write that this was commendable, the way this case was handled. I mean, it's beyond the pale. It's beyond imagination, and that's why I implore you to actually read the record as well, because if I need to go another route, I can go another route, but I had no other route to go at this time. Rule 60 seemed to cover it. I'm not seeking to relitigate other cases. This is a unique case dealing with the D.C. Circuit's failure to provide me Fifth Amendment and Fourteenth Amendment due process rights. Where else do I go? As far as the Supreme Court's concerned, that's discretionary. They're not going to be giving much time to Larry Klayman on the discretionary matter when they're dealing with Roe v. Wade and issues like that. So you're my last hope. You're my last recourse here, and I had to start with Cooper to get up to you, but I never had an opportunity to even brief the issue in front of him. I was denied due process there as well. I've never seen a situation like this where before I served the complaint, he's writing an order. So there obviously is something going on there, and we know, and you all are not from Washington, D.C. We know the atmosphere in Washington, D.C. today. I'm the founder of Judicial Watch. I'm the founder of Freedom Watch. It's highly toxic on both sides of the political aisle, and Larry Klayman has been over the years a thorn in the side of the establishment, and I wrote a book, which was very critical of the judges on that nearly. Mr. Klayman, your answer, I mean, we have read this record, of course, and you gave us voluminous record excerpts, and so I'm looking at your page 241. There's your en banc rehearing, and you did make this argument that the panel had overlooked your arguments. That was not to the Supreme Court but to the D.C. Circuit en banc, and I take it your response would be the same, they too overlooked everything. The Supreme Court? No, the D.C. Circuit en banc. Yes, yes, they did. They did, Your Honor, because look, everybody, we know what the situation is here. People in the same courthouse, judges, like everybody else, you know, go to lunch together, they socialize together, they talk about litigants, they talk about what's going on, their impressions of them. They didn't want to be bothered with this, and so they just rubber stamped it. But how can, as a matter of justice, a situation occur where someone's smeared for beating his wife that has nothing to do with the case, where they ignore their own case law, which in the D.C. Circuit that says you have to have appreciable number of consumers confused to give rise to trademark infringement, and that's where most of this... The ultimate question, and I hate to take your time to answer, but in my mind, the ultimate question is, who are we to do something about that? You have Rule 60 as a vehicle to do that, because this is, it falls in, in particular, number six, any other reason justifying relief from operation of a judgment. What I'm saying is, vacate the judgment and order them to do a review. Order them to do their job, or if you can do the review, if it stays in front of you, and I trust it will, take a look at the law here, take a look at the facts. This thing is, frankly, on Mars, what came down. And then I don't get a review. Would you, Your Honor, write that it was commendable to administer to a case for 16 years? That tells you something. Commendable? Are you kidding me? So this is where we are. And the government, just so you know, and you'll have authority when you had a remedy at law. And your answer would be that the remedy of law was just illusory? My answer is, is that I was never to provide a due process. Therefore, I was never provided a remedy at law. Yeah. I was completely denied due process. I think we are into his. Oh, I apologize. Yes. So we're going to have to somehow. Yeah, yeah. You're going to have to, I think, give him an additional several minutes. I've been told that, Mr. Klayman, you will get two extra minutes added on for rebuttal because we did. I kept asking questions. Thank you. So we'll hear from the government now. Thank you, Judge Sack. Mr. Soter, whenever you're ready. Thank you very much. Good morning, Your Honor. May it please the court. Kevin Soter from the Department of Justice for the defendants. The district court properly dismissed this lawsuit for a simple reason. Litigants who are dissatisfied with the results in their cases cannot resort to suing the judges. In a thoroughly reasoned decision, the district court relied on four independent doctrinal bases in support of that common sense conclusion. This will be Judge Cooper. Yes, Judge Cooper. Issued the thorough decision that's available in the appendix that details these four doctrinal bases to support the conclusion that a litigant district disappointed with the results cannot sue the judges. This court should affirm for the reasons that we've set forth in our brief. I think we've laid out the various options this court has for affirming, and I'm happy to address any questions if the court has them. Well, when you say he did list out four, some are jurisdictional or some not. So I assume you'd agree we would start with the jurisdictional ones. And I saw at least two. Which of those would you say have current and controlling D.C. circuit law to support them? Because judicial immunity seems to be a little bit more of a murky world. I think this court could certainly begin where we began in our brief with the jurisdictional issue, whether a district court has jurisdiction to vacate the orders of another federal court, that it follows directly from the Supreme Court's decision, as well as the D.C. circuit's decision in Smalls, that there is no such jurisdiction, and that is an ample basis for affirming the results here. To the extent the court continues on, I think everything past that is sort of an additional basis confirming this result on multiple other grounds, including immunity, issue preclusion, and merits. Well, you do point out that Pulliam has complexities, and your brief suggested even infirmities. You want to elaborate a little on that? Yes. I think as an initial matter, for the reasons we've discussed, it's not necessary to get into these details of what exactly the scope of Pulliam is because of this threshold jurisdictional issue. To the extent the court goes on to reach alternative bases for affirming that one is that Pulliam only involved a claim for truly prospective injunctive equitable relief. This case doesn't. This case involves a request to go back and retrospectively review the results reached in prior litigation. And then the other key distinction that's been discussed by the 9th, 11th, and 3rd circuits is that Pulliam was a case involving state judges, state judicial officials, and there are just different considerations at play. The reasoning of Pulliam doesn't extend in the same way when you're dealing with federal judges for whom, again, sort of tying back to the general theme, there are avenues to obtain the sort of relief that Mr. Clayman has asked for here at Beginner of a Judgment, that those are to go through the orderly process of an appeal to seek reconsideration in the district court, the court of appeals, all of this that already happened. And the process has to come to an end at some point, and it ended already in this case. Now, Mr. Clayman, Pro Se is asking, particularly repeatedly, suggesting the fair, there was no fair trial, above all, because of what we could call 404B evidence and, and in particular, you know, the alleged assaultive behavior. Do you want to speak to whether or not that would that specific issue, the correctness of the introduction of that claims? Was that never considered, either in district court or in circuit court? I think that was clearly considered in the DC Circuit's decision. And as Your Honor mentioned, these issues were raised in the briefing to the DC Circuit, and in the en banc briefing, and there was also a cert petition that was recently denied. These are all the sorts of issues that can be raised in litigation and on appeal that in fact, were raised here. And there is no authority to support bringing a collateral lawsuit against the judges asking for a do-over of those sorts of decisions and trying to inject these claims of bias and improper judicial decision making. There is an early process that already happened here. I'm curious. Yeah, go ahead, Judge. I was just contemplating, is there some other orderly process for this? And I'm wondering, you know, a court superior to the DC Court of Appeals, which would be by definition, only the Supreme Court of the United States, petition for a writ of mandamus, directing, I mean, if you really did have evidence, I mean, and the problem here is we've got, you know, perhaps part of the problem is we have, of course, only a complaint, it's conclusory. There was never anything developed above that. And there's no evidence other than, you know, arguments that are inferential, right? And so, but the Supreme Court would have the authority to issue a writ of mandamus to the DC Circuit to actually just say, you know, we find that you didn't actually review the case and we order you to do it, right? Or am I wrong? Yes, Your Honor. I think the important point is there are processes at law, there are what would be adequate remedies at law, which include appeal in addition to a writ of mandamus if the circumstances warrant it. What there isn't, and what the case law makes completely clear, is there isn't an opportunity to bring a separate collateral lawsuit where you go before a different district judge and ask that district judge to order vacater of an existing final judgment. I'm just curious a little on a slightly side issue, but it was an issue decided below and therefore before us. If, in fact, all judges on a circuit are recused, what is the government's, you have multiple arguments against the authority to transfer, and I wasn't exactly sure which was your primary, that factually there would be no other venue with jurisdiction over the defendant judges, or that transfer itself is an issue that's been decided and therefore there's res judicata even as to that issue? I think there are several grounds in which this court could affirm the decision about disqualification or transfer. Perhaps the one at the core of it that may be most straightforward is to just agree with what Judge Cooper said about why he did not need to recuse himself from this case, which was the core of Mr. Klayman's allegation of court transfer there, and that was fully consistent with the ethics opinion that's been issued by the relevant committee of the judicial conference that we at page 29 of our brief, there's a citation to the opinion that says that when you have this sort of case where someone tries to sue the judges and it's not a claim with merit, there is no conflict for a district judge to be sitting on that, even though it's accusing that judge's colleagues of misconduct and other issues. In addition to that, there are other bases, including that this court can affirm for the reasons in part one of our brief, and this is not the sort of threshold issue that needs to be reached at all. Mr. Klayman is our one of your brief being remind me, you say part one of your brief, which refers to what issue? The correctness of the decision, rather than the, just the sort of transfer or disqualification issue. It follows from we say that the Supreme Court signing him decision in our brief for why this sort of issue about whether the judge needs to disqualify. Mr. Soter, Mr. Klayman has argued that the process here that was followed by Judge Cooper is somewhat unusual, that he ruled sua sponte, he ruled sua sponte before actual service of the complaint and any opportunity on the part of the defendants to respond. And that the unusual nature of that is evidence of bias or prejudice, such that recusal really actually is is the appropriate remedy. How would you respond to that? I think your honor, what's unusual in this case is the repeated attempts to attack the same judgment through after going through all of the available actual processes to already collaterally packet before, through the case that was before Judge shutkin. And to bring these claims that just do not have any basis in law to proceed with. And so in that circumstance, Cooper was acted well within his discretion to resolve this case on threshold jurisdictional grounds that were incurable, and also to rely on the DC circuits Baker case that we've mentioned in our brief that stands for the proposition that even a standard sort of merits 12 v six dismissal when it's patently obvious from reading the complaint that that's warranted, a district court has discretion to dismiss the case without notice to the plaintiff. Thank you. If there are no further questions, I am happy to rest on a brief for the remaining points. Thank you very much, Mr. Soter. And Mr. Klayman, I apologize again for not paying attention to your rebuttal time in our court. That's usually a frozen amount of time. Why don't you go ahead and take two I think you had two minutes. Go ahead. Thank you, Your Honor. I appreciate that. I just want to make it clear. I'm asking for perspective relief. So we do fall fall within the scope of Pulliam. I'm asking that the DC circuit be required. You can do it obviously now because you are the DC circuit to review the record. Okay, actually look at the record and see what happened. This is a manifest injustice. And it behooves the court. So that would be that would be satisfactory. That would be satisfactory to you. We just say go back and look at the record thoroughly. As long as you're as long as you're doing it. Yes. Be satisfactory. The other thing is there's no distinction. This is another point. But that's not the point. There's no distinction between federal and state judges in terms of immunity for equitable relief and power to grant it. That's just simply not in the cases, you won't find it. So I mean, that's the bottom line is that we need to have due process here. This is an example that creates a very bad precedent for other litigants to come into the court in a day and age, when people are already having on both sides of the Pacific, all sides of the political spectrum, concerned about the functioning of our legal system, it's very important that the courts create that confidence. Or even someone like Larry Klayman, you know, who's been a public interest advocate, that he gets due process as well. So I thank you very much, you know, for your time. I'm very grateful that you're on the case. I ask that you review the record, take a look at it. There's got to be a way to skin the cat here, because this just isn't right. I'm gonna ask one last question. What would be your limiting principle? Let's just assume any litigant who feels their case is just as important as yours, feels that at every level of direct appeal, their arguments weren't sufficiently considered. What would be the limiting principle that they couldn't always then allege bias, hostility, and demand to have the courts just look at it again? How are you differently situated? This is that extraordinary case, and that's why I kept citing, I mean, look at the opinion itself, which, you know, praises Judge Catelli for 16 years of administration of the case. That was gratuitous. That didn't have to be put in there. It tells you where you're coming from, or Judge Chutkan. But is that, if we found, if we were to find similar language, which we disagreed, calling something commendable, when obviously it was not, that is the limiting principle. No, what I'm saying, yeah, no, what I'm saying is this case is so extreme. It's the extreme case. And Judge Chutkan, another example, I asked whether there had been any communications with Judge Catelli. She stayed the case pending appeal. She decided on her own, again, sua sponte, to dismiss it before the appeal was even heard and withdrew her order to stay. There's something that went on over there. I'm just looking, the only thing I'm trying to make sure I understand is the answer to Judge Higgins' question, is to what are the, what are the limitations? I understand your view and your position, but the question is in, you know, looking for a general rule of law, what is the general rule of law you would take out of this? In most instances, Your Honor, it would not be subject to collateral attack, but this is that and it is extreme when a lawyer without any proof is put in front of a jury because the defendant wants to create inflammable prejudicial material that he beat his wife. That's the worst thing that you can put in front of a jury, and we cited cases in that regard. And even a criminal defendant who's accused of violence, if it's not relevant to what he's being accused of, you can't do that. I was a civil plaintiff. So you're arguing essentially the limiting principle as if the case is sui generis and is in such a way unto itself that it shocks the conscience that there's an exception. So this is a sort of shock the conscience kind of argument? Yes, yes, yes, it is. And when you- That's the only way to limit it? Yes. And when you defy the law of your own circuit with regard to trademark infringement, and again, these consumers, the documents weren't even authenticated. We don't know that Judicial Watch didn't create them. They were never authenticated. And yet, the D.C. Circuit has ruled you need appreciable number of consumers to be confused by trademark infringement. But I would be most interested for you to specifically address yourself to Judge Erickson's question. Is that the standard, shocks the conscience? Is that what we're talking about? We're looking for a standard, a rule- I would say he hit the nail on the head. This shocks the conscience. Thank you. And thank you, Ron. Thank you both. We appreciate the arguments. The case is submitted.
judges: Higginson, Erickson, Sack